CALEB H. METCALF & another *vs.* HORATIO H. HUNNEWELL & another.

One who performs labor on a building, under a contract with a person, employed to erect the building by one, to whom the owner of the land has agreed to convey it on the performance of certain conditions, and afterwards conveys it accordingly, has no lien on the building and land, to secure the payment of his wages, by virtue of *St.* 1851, *c.* 343.

PETITION to enforce a lien, under *St.* 1851, *c.* 343, for painting two houses in Suffolk Street in Boston, in July and August 1851. The case was submitted to the court upon the following facts: The contract, under which the work was done by the petitioners, was made by them on the 10th of April 1851, with Henry Hilt, who had previously contracted with the respondent Hunnewell to build the houses. Hunnewell had not then a deed of the land, but acted under an agreement, made by the city of Boston, to convey the land to him, on the erection thereon of buildings of a certain description. The city accordingly conveyed the land to Hunnewell on the 23d of September 1851; and he conveyed one of the houses in question to the other respondent on the 6th of October 1851.

*E. F. Hodges,* for the petitioners. 1. The *St.* of 1851, *c.* 343, establishes a lien in favor of any person, who performs labor, by virtue of a contract of hire, upon any building erected or repaired under authority from the owner of the land. The statute protects a laborer who has contracted with the owner to build, or with one who has contracted with the owner to build, or to purchase for the purpose of building; however far removed from the owner, by the interposition of subcontractors. The object of the statute being to protect or benefit the laborer, it should be so construed as to effect that purpose. Dwarris on Statutes, 734, 735. *Dean & Chapter of York* v. *Middleburgh,* 2 Y. & Jerv. 196. 2. Hunnewell is " the owner," within the meaning of the statute. He was, by equitable construction, the owner, from the time he took the contract to purchase, and must be so regarded, for the purpose of supporting a lien, in a court of law. The fact, that the petitioners' contract was made be-

fore the deed to Hunnewell from the city, is unimportant. *Lyon* v. *McGuffey*, 4 Barr, 126. And see *Thaxter* v. *Williams*, 14 Pick. 49; *Howard* v. *Robinson*, 5 Cush. 119; Sugd. Vend. (7th Amer. ed.) 191, 201; *Weaver* v. *The S. G. Owens*, Wallace, Jr. 359.

*H. F. Durant*, for the respondents.

MERRICK, J. This petition cannot be maintained. The statute of 1851, *c.* 343, upon which it is founded, creates a lien upon the building, and the lot of land on which it stands, to secure the payment of wages due for labor performed upon it, " by virtue of any contract with the owner thereof, or other person who has contracted with such owner for erecting, altering or repairing such building,' or for the purchase of the land for the purpose of building thereon." The petitioners do not bring themselves within either of these provisions. They performed labor upon the building standing upon the land described in their petition; but they do not show that they contracted for the rendition of such service, with any of the parties described in the statute. The contract, by virtue of which that labor was performed, was made with Henry Hilt. It was in fact made some months before this statute was enacted, but it is unnecessary to take notice of that consideration,* because, whenever entered into, no lien upon the estate can be established under it. Hilt never was the owner of the building, nor of the land; nor did he ever contract with such owner for the purchase of the land for the purpose of erecting any building thereon. The land belonged to the city of Boston; and Hunnewell, with whom Hilt contracted, had only a bond for its conveyance when he should have first complied with all the stipulations and discharged all the obligations resting on himself. The contract of the petitioners with Hilt was therefore too remote; and not having been made with any of the parties described in the statute, no lien upon the property could be created in their behalf, to secure payment of the wages they earned in its performance.

*Petition dismissed.*

* In the case of *Donahy* v. *Clapp*, Norfolk, November term 1853, it was decided that this statute did not apply to contracts made before it took effect.